J-S64025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. BRAD E. JONES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LOUIS FOLINO, WARDEN | |
| APPEAL OF: BRAD E. JONES | No. 560 WDA 2014 |

Appeal from the PCRA Order Entered March 12, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000801-2002
CP-02-CR-0014284-2001
GD 13-013079

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 18, 2014**

Appellant, Brad E. Jones, appeals *pro se* from the trial court's March 12, 2014 order denying his "Writ of *Habeas Corpus Ad Subjiciendum*" (Writ of *Habeas Corpus*). We affirm.

On March 14, 2002, Appellant was convicted by a jury of third-degree murder, corruption of minors, abuse of a corpse, carrying a firearm without a license, and criminal conspiracy. His convictions stemmed from his shooting and killing Darrell Spencer, who had been Appellant's friend, after a night of drinking and taking drugs. Appellant was sentenced to an aggregate term of 21½ to 43 years' incarceration. He filed a direct appeal, which this Court dismissed on April 9, 2003, due to Appellant's failure to file a brief.

On March 25, 2004, Appellant filed a *pro se* petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on Appellant's behalf. That petition was ultimately dismissed on September 20, 2004. Appellant appealed, and after this Court affirmed, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Jones**, 883 A.2d 689 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 897 A.2d 452 (Pa. 2006). Appellant filed a second *pro se* PCRA petition on March 27, 2007, which was denied on June 1, 2007. Appellant did not file an appeal from that order.

On July 15, 2013, Appellant filed his *pro se* Writ of *Habeas Corpus*. Therein, Appellant argued that he was being unlawfully detained because the third-degree murder statute (18 Pa.C.S. § 2502) is unconstitutional and, thus, the trial court did not have subject matter jurisdiction over his case. The court treated this filing as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss on February 20, 2014. Appellant filed a *pro se* response, but on March 12, 2014, the PCRA court issued an order dismissing Appellant's petition. He filed a timely notice of appeal on March 24, 2014, as well as a timely concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b).[1]  Herein, he presents two questions for our review, which we reproduce verbatim:

> I. Whether the portion of 42 Pa.C.S. §9541 et seq. where it states "the action (PCRA)… shall be the sole means of obtaining relief and encompasses all other common law…… remedies for the same purpose that exist….. including habeas corpus and other statutes purporting to do the same violate the U.S. and/or PA. Constitutions?
>
> II. Whether the United States Supreme Court's Ruling in **Alleyne**[2] deprived the lower court of subject-matter jurisdiction, to apply 42 PA.C.S. §9712 in the appellant's case, rendering his sentence illegal?

Appellant's Brief at ii.

First, Appellant argues that the court erred by treating his Writ of *Habeas Corpus* as a PCRA petition.  He basically contends – in a lengthy and confusing discussion – "that the PCRA can not [*sic*] displace the common law writ of *Habeas Corpus*."  Appellant's Brief at 7 (citing **Commonwealth ex. rel. Levine v. Fair**, 146 A.2d 834 (Pa. 1958) (finding that the Habeas Corpus Act of 1937 did not displace the more extensive *habeas corpus*

_____

[1] We note that on March 13, 2014, Appellant filed another *pro se* document entitled "Petition for Common Law Writ of *Habeas Corpus Ad-Subjiciendum*" (Writ of *Habeas Corpus* II).  Appellant claims in his appellate brief that he is appealing from the denial of Writ of *Habeas Corpus* II, not from the denial of his July 15, 2013 Writ of *Habeas Corpus*.  However, in his *pro se* notice of appeal, Appellant states that he is appealing from the March 12, 2014 order, which denied his Writ of *Habeas Corpus*.  Indeed, it does appear that the trial court issued an order disposing of Appellant's Writ of *Habeas Corpus* II. Therefore, we consider this appeal as stemming from the denial of Appellant's Writ of *Habeas Corpus*.

[2] **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

remedy found at common law, which "may issue in all sorts of cases where it is shown to the court that there is probable cause for believing that a person is restrained of his liberty unlawfully or against the due course of law").

Appellant's claim is meritless. This Court has stated:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun***, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [**Commonwealth v.**] **Fahy***, [737 A.2d 214,] 223–224 [(Pa.1999)]; **Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); **see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*[FN3]
>
> > FN3. The common law writ of habeas corpus has not been eliminated. In both **Commonwealth v. West**, 595 Pa. 483, 938 A.2d 1034 (2007)[,] and **Commonwealth v. Judge**, 591 Pa. 126, 916 A.2d 511 (2007), our Supreme Court held that claims that fall outside the sphere of the PCRA can be advanced via a writ of habeas corpus.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013).

Here, the claim raised in Appellant's Writ of *Habeas Corpus* is cognizable under the PCRA. Again, in that petition, Appellant argued that he is being unlawfully detained because the third-degree murder statute under which he was convicted is unconstitutional and, as such, the trial court did not have subject matter jurisdiction over his case. This claim is

- 4 -

encompassed within 42 Pa.C.S. § 9543(a)(2)(viii) (stating a petitioner may be eligible for PCRA relief if he proves that his conviction or sentence resulted from "[a] proceeding in a tribunal without jurisdiction"). Accordingly, the court properly treated Appellant's Writ of *Habeas Corpus* as a PCRA petition.

We must next assess the timeliness of Appellant's petition. Appellant's judgment of sentence became final on May 9, 2003, thirty days after this Court dismissed his appeal from his judgment of sentence. **See** 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Accordingly, Appellant had until May 9, 2004, to file a timely PCRA petition, making his instant petition filed on July 15, 2013, patently untimely.

The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a

second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant does not expressly state which timeliness exception he satisfies. Instead, he argues that the United States Supreme Court's decision in **Alleyne** renders his sentence illegal. In **Alleyne**, the Court held that any fact that serves to aggravate the minimum sentence must be found

- 6 -

by the fact-finder beyond a reasonable doubt.  *Alleyne*, 133 S.Ct. at 2160-2161.  Here, Appellant contends that the court imposed a mandatory minimum sentence under 42 Pa.C.S. § 9712.1, and the imposition of that sentence violates the holding of *Alleyne*.

We construe Appellant's argument as an attempt to invoke the exception set forth in section 9545(b)(1)(iii).  However, Appellant first asserted his claim that *Alleyne* invalidates his sentence in his brief to this Court, which was filed on July 3, 2014, over one year after the *Alleyne* decision was issued on June 17, 2013.  Accordingly, Appellant has failed to comply with the 60-day requirement of section 9545(b)(2).  Consequently, Appellant's petition is untimely and the PCRA court did not err in denying it.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2014

- 7 -