J-S44026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CURRY VENDETTI | |
| Appellant | No. 9 WDA 2015 |

Appeal from the PCRA Order entered November 21, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000037-1990

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 15, 2015**

Appellant, Curry Vendetti, appeals from the November 21, 2014 order of the Court of Common Pleas of Erie County (PCRA court) denying him relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows:

On May 22, 1990, [Appellant] was found guilty by a jury of first-degree murder and possessing instruments of crime.  [Appellant] was sentenced on June 29, 1990 to a term of life imprisonment. [Appellant] filed a direct appeal and on January 21, 1992, the Superior Court affirmed his judgment of sentence.  On February 13, 1992, [Appellant] filed a Petition for Allowance of Appeal which was denied by the Pennsylvania Supreme Court on June 9, 1992.

On October 14, 1992, [Appellant] filed his first *pro se* PCRA petition.  After appointment of PCRA counsel, the PCRA court denied the PCRA petition and granted PCRA counsel's request for withdrawal.  [Appellant] filed an appeal which was dismissed by the Superior Court on July 29, 1993.

On or about August 24, 1994, [Appellant] filed a second *pro se* PCRA petition which was ultimately denied on January 5, 1995. [Appellant] appealed and on October 30, 1995, the Superior Court affirmed the PCRA Court's denial of [Appellant's] second PCRA petition. [Appellant] subsequently filed a Petition for Allowance of Appeal which was denied by the Supreme Court on March 1, 1996.

Notice of Intent to Dismiss without a Hearing Pursuant to Pa.R.Crim.P. 907, 10/14/14, at 1-2. Appellant then filed a petition for a writ of habeas corpus on September 23, 2014. The court treated Appellant's habeas petition as a PCRA petition and dismissed the petition as untimely on November 21, 2014.

On appeal, Appellant raises two claims. First, Appellant claims that the PCRA court erred in treating his writ of habeas corpus as a PCRA petition because he is unable to get post-conviction relief under the PCRA due to its time-bar limitation. Appellant's Brief, 3-6. Second, Appellant claims that the PCRA is unconstitutional because it unlawfully incorporates habeas corpus and denies him his right to an appeal. Appellant's Brief, 9-10. We agree with the PCRA court and conclude that Appellant is not entitled to relief on his claims.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (quotation marks and citations omitted).

Regarding Appellant's first claim, the PCRA court did not err in treating Appellant's habeas petition as a PCRA petition.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (quotation marks, citations, and footnote omitted). Appellant claims in his petition that his sentence was "unlawful" and "stems from the trial court's failure to properly instruct the factfinder as to the charge of involuntary manslaughter." Appellant's Brief at 1, n.1. We construe Appellant's claim as raising ineffective assistance of trial counsel for failing to request a charge of involuntary manslaughter. This matter is both within the scope of and could be remedied by the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("This Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."). Therefore, Appellant's filing is properly treated as a PCRA petition. *See Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) (noting a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

Because Appellant's filing is a PCRA petition, we must first determine whether Appellant's petition was timely filed before we can address the merits of his issues.

> It is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

*Garcia*, 23 A.3d at 1061-62 (footnote and quotation marks omitted).

Appellant's judgment of sentence became final on September 9, 1992 when his time for seeking certiorari from the United States Supreme Court expired. Appellant had one year from this day to file a timely PCRA petition. Appellant filed the instant PCRA petition, his third, approximately 21 years after his time to file for collateral relief had expired. Appellant does not allege any facts to establish any of the three timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b). Accordingly, Appellant's petition is untimely.

Given our conclusion that Appellant's PCRA petition is untimely, we do not need to address Appellant's second claim. "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008).

Order Affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015