J-S44030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL E. JANKOWSKI | |
| Appellant | No. 79 WDA 2015 |

Appeal from the Order Entered December 19, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000488-2014

BEFORE: LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.                    **FILED DECEMBER 4, 2015**

Appellant, Michael Jankowski, appeals *pro se* from the December 19, 2014 order of the Court of Common Pleas of Erie County (PCRA court) denying him relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows:

On April 4, 2014, [Appellant] entered guilty pleas to various charges. The facts demonstrated that on December 16, 2013, [Appellant] exposed himself in the Giant Eagle parking lot located at 9165 West Ridge Road, Girard Township, Erie County, Pennsylvania. He subsequently fled the state police when they encountered him. On May 22, 2014, he was sentenced as follows: Count 1 (recklessly endangering another [person]),[1] 12 to 24 months incarceration; Count 2 (indecent exposure),[2] 12-

_____

[1] 18 Pa.C.S.A. § 2705.

[2] 18 Pa.C.S.A. § 3127.

24 months consecutive; Count 3 (fleeing or attempting to elude [police officer]),[3] 6-24 months consecutive; Count 4 (open lewdness),[4] 3-12 months concurrent.  He did not file a post-sentence motion, nor [did he] take a direct appeal.  On October 13, 2014, [Appellant] filed the instant motion.[5]  Counsel was appointed for him who, in turn, filed a "no merit" letter on November 21, 2014.

Pa.R.A.P. 907 Notice, 11/24/14, at 1.  The PCRA court granted Appellant's appointed PCRA counsel's request to withdraw.

Treating the motion to dismiss for lack of subject matter jurisdiction as a PCRA petition, the PCRA court denied Appellant relief.  *Id.* at 1, 3. Appellant timely filed a notice of appeal.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The PCRA court, however, issued a Pa.R.A.P. 1925(a) opinion, adopting the reasoning from its Rule 907 Notice.  Pa.R.A.P. 1925(a) Opinion, 1/12/15.

On appeal, Appellant raises two issues.  First, Appellant claims that the PCRA court erred in treating his motion to dismiss for lack of subject matter jurisdiction as a PCRA petition.  Appellant's Brief at 1-2.  Second, Appellant

---

[3] 75 Pa.C.S.A. § 3733(a).

[4] 18 Pa.C.S.A. § 5901.

[5] We note that Appellant filed this motion as a motion to dismiss for lack of subject matter jurisdiction and the PCRA court treated it as a PCRA petition.

claims that the PCRA court lacked jurisdiction to rule on the motion. *Id.* at 2-3. Appellant is not entitled to relief.[6]

When we review a PCRA court's order, we review "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."

---

[6] To the extent that Appellant claims the statutes used to charge him are unconstitutional because they "lack the proper enacting clause or enacting authority," Appellant's Brief at 1, Appellant did not properly preserve this issue for review because he failed to raise it in his statement of questions involved in his brief or fairly suggest it thereby. *See* Pa.R.A.P. 2116(a); *see also Commonwealth v. Freeland*, 106 A.3d 768, 778 (Pa. Super. 2014) (Appellant's "undeveloped claims are not set forth in the statement of questions involved and not fairly suggested thereby. Therefore, all of Appellant's asserted issues are waived.") (internal citation omitted)). Even if Appellant had preserved this issue for appeal, he would not have prevailed. This Court recently addressed this issue in *Commonwealth v. Stultz*, 114 A.3d 865 (Pa. Super. 2015), which is directly on point and controlling. In *Stultz* we held:

> our review of the official codification of the Pennsylvania Crimes Code enacted by the General Assembly in 1972 reveals the enacting clause immediately before the table of contents for Title 18. *See* Act of December 6, 1972, P.L. 1482 No. 334. Similarly, criminal legislation for the crimes charged under the Motor Vehicle Code provide, in the official codification of those laws, enacting clauses. *See* 1976, June 17, P.L. 162, No. 81, § 1; 1994, Dec. 27, P.L. 1337, No. 154, § 3; 2001, June 26, P.L. 734, No. 75, § 6; 2006, July 10, P.L. 1086, No. 113, § 4 (governing fleeing or attempting to elude police officer).

*Id.* at 879.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (quotation marks and citations omitted).

We find no merit in Appellant's first claim that the PCRA court erred in treating his motion to dismiss for lack of subject matter jurisdiction as a PCRA petition. Appellant's Brief at 1.

The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist." 42 Pa.C.S.A. § 9542. If a collateral petition raises an issue that could be remedied by the PCRA, it will be considered a PCRA petition. *Commonwealth v. Price*, 876 A.2d 988, 992 (Pa. Super. 2005) (citing *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001). Under Section 9543 of the PCRA, a defendant may file a post-conviction petition based on a sentence from a tribunal that lacked jurisdiction. 42 Pa.C.S.A. § 9543(a)(2)(viii); *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994). Therefore, the PCRA court did not err in treating Appellant's motion to dismiss for lack of subject matter jurisdiction as a PCRA petition as the motion was based on claims that could be remedied under the PCRA. *See Deaner*, 779 A.2d at 580.

We likewise reject Appellant's second claim that the PCRA court did not have the authority to rule on Appellant's motion. Appellant's Brief at 2-3. Appellant argues that, because the motion was a "civil action," the Commonwealth Court had "exclusive, original jurisdiction" over it and so the

motion should have been transferred to Commonwealth Court. Appellant's Brief at 2.

Section 9545(a) of the PCRA provides that "[o]riginal jurisdiction over a proceeding under this subchapter shall be in the court of common pleas." 42 Pa.C.S.A. § 9545(a). Because it was appropriate to treat Appellant's motion as a PCRA petition, the Court of Common Pleas of Erie County, i.e., the PCRA court, had jurisdiction to rule on it pursuant to 42 Pa.C.S.A. § 9545(a). Therefore, the PCRA court properly exercised its authority in ruling on Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2015