J-S85021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY NOAH EARLEY | : | |
| | : | |
| Appellant | : | No. 806 WDA 2017 |

Appeal from the PCRA Order May 24, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000548-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY NOAH EARLEY | : | |
| | : | |
| Appellant | : | No. 1117 WDA 2017 |

Appeal from the Order July 5, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000548-2010

BEFORE: BOWES, J., PANELLA, J., and STABILE, J.

JUDGMENT ORDER BY PANELLA, J.                    FILED MAY 01, 2018

Henry Noah Earley appeals, in No. 806 WDA 2017,[1] pro se from the

order entered May 24, 2017, dismissing his second petition filed pursuant to

_____

[1] The appeal docketed at No. 1117 WDA 2017 is from the PCRA court's "statement in lieu of opinion," see Notice of Appeal, filed 7/31/17, which is obviously not appealable, see Pa.R.A.P. 341; Commonwealth v. Harris, 32 A.3d 243, 248 (Pa. 2011) ("With limited exceptions, Pennsylvania law permits only appeals from final orders."). Thus, we quash that appeal. We need not correct the appeals statement given our disposition.

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On March 6, 2012, Earley pleaded guilty, but mentally ill, to one count of third-degree murder, 18 Pa.C.S.A. § 2502(c). On the same date, the court sentenced Earley to a term of twenty to forty years' imprisonment. Earley did not file any post-sentence motions or a direct appeal.

Earley filed his first pro se PCRA petition on February 10, 2016. The PCRA court appointed counsel who was later permitted to withdraw. After providing Rule 907 notice, the PCRA court dismissed Earley's first PCRA petition as untimely. Earley did not appeal.

On April 24, 2017, Earley filed a petition for leave to appeal nunc pro tunc. Through this petition, Earley asserted both the ineffectiveness of guilty plea counsel and the unlawful inducement of his guilty plea. The PCRA court treated Earley's petition as his second PCRA petition,[2] and issued a Rule 907 notice to dismiss the petition as untimely. Earley filed a response to the Rule 907 notice; however, the PCRA court dismissed the petition as untimely. This appeal follows.

_____

[2] The PCRA is intended to be the sole means of achieving post-conviction relief. See 42 Pa.C.S.A. § 9542. Thus, a collateral petition, which raises issues cognizable under the PCRA, should be treated as a PCRA petition. See Commonwealth v. Deaner, 779 A.2d 578, 580 (Pa. Super. 2001). Earley's claims of the ineffective assistance of guilty plea counsel and unlawful inducement of a guilty plea are both claims cognizable under the PCRA. See 42 Pa.C.S.A. § 9543 (a)(2)(ii), (iii). As such, the PCRA court properly treated Earley's petition as his second PCRA petition.

On appeal, Earley raises four issues concerning the ineffectiveness of guilty plea counsel and the involuntary nature of his guilty plea. However, prior to addressing these issues on appeal, we must consider the timeliness of Earley's PCRA petition.

The timeliness of a post-conviction petition is jurisdictional. See Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory "exceptions must be filed within sixty days of the date the claims could have been presented." Hernandez, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. See Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007).

Earley's judgment of sentence became final on April 5, 2012, when the thirty-day period for filing an appeal to this Court expired. See 42 Pa.C.S.A. § 9545(b)(3). His second PCRA petition, filed over five years later on April 24, 2017, is patently untimely. Further, while Earley argues he meets an exception to the PCRA time bar in his appellate brief, he failed to argue any exceptions to the PCRA's time bar in his petition. See Petition for Leave to Appeal Nunc Pro Tunc, 4/24/17. As such, the PCRA court's order is justified on this basis

alone. And we remind Earley that "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." Commonwealth v. Wharton, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Even if Earley had pled the exception he argues on appeal, he would be due no relief. Earley essentially argues that his persistent mental illness constitutes an "unknown fact" and therefore qualifies for the timeliness exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii). See Appellant's Brief, at 12-13. However, as noted, Earley was required to file his petition within 60 days of learning of this "unknown fact." Earley admits in his appellate brief, and his plea to guilty but mentally ill reflects, that all parties, including Earley, were aware of Earley's mental illness prior to his guilty plea in 2012. See id., at 6. He cannot show that he filed his PCRA petition within 60 days of learning of his persistent mental illness. Thus, he would not have been able to qualify for the exception contained in § 9545(b)(1)(ii).

As we conclude Earley has failed to plead or establish his facially untimely petition qualified for an exception to the PCRA's time-bar, we affirm the PCRA court's order dismissing his petition as untimely.

Order at No. 806 WDA 2017 affirmed. Appeal at No. 1117 WDA 2017 quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2018