**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Victor Nick DEANER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 26, 2001.

Filed June 28, 2001.

---

Victor N. Deaner, appellant, pro se.

Susan E. Moyer, Asst. Dist. Atty., Lancaster, for Commonwealth, appellee.

Before: JOHNSON, ORIE MELVIN, and KELLY, JJ.

KELLY, J.

¶ 1 Appellant, Victor Nick Deaner, asks us to determine whether the trial court erred when it denied, without a hearing, his "Petition for Modification of Sentence Due to Illness." We hold that the trial court properly denied Appellant's petition where Appellant did not make a *prima facie* showing that his claim merited relief under 61 P.S. § 81. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellant is a diabetic with an extensive medical history. Aside from the physical infirmities generally associated with diabetes, Appellant has experienced frequent complications. Appellant has more difficulty regulating his blood sugar levels than most diabetics. The disease has caused a loss of feeling in his extremities and a constant

burning sensation below his skin. Appellant's diabetes has also rendered him impotent and is responsible for gangrene of his right foot. To combat the gangrene, Appellant has undergone numerous operations that require the progressive removal of more tissue and bone from his right foot and leg. Appellant has also been plagued by blood clots. In the past, these clots have required multiple groin surgeries. Appellant complains that he currently has a blood clot in his head that requires immediate attention. Finally, Appellant has a history of heart disease. He suffered two heart attacks in 1993 that required triple bypass surgery.

¶3 On May 10, 1995, Appellant pled guilty to aggravated assault[1] for the 1994 stabbing of his estranged wife. The remaining charges of attempted criminal homicide[2] and kidnapping[3] were *nol prossed*. On July 6, 1995, the trial court sentenced Appellant to 7½ to 20 years' incarceration. After spending approximately four years in jail, Appellant filed a petition to modify his sentence due to illness on April 7, 1999. After reviewing Appellant's voluminous medical records, the trial court denied Appellant's petition without a hearing. Appellant filed the instant appeal in due course.

¶4 Appellant raises the following issue for our review:

> SHOULD APPELLANT'S "PETITION FOR SENTENCE MODIFICATION DUE TO ILLNESS" BE REMANDED BACK [SIC] TO THE [TRIAL] COURTS FOR FURTHER CONSID-

ERATION OF APPELLANT'S SERIOUS MEDICAL CONDITIONS[?]

(Appellant's Brief at 5).

■ ¶5 As a prefatory matter, we determine whether Appellant's petition is subject to the time constraints of Pennsylvania's Post Conviction Relief Act ("PCRA").[4] It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. *See generally Commonwealth v. Fahy,* 558 Pa. 313, 331–32, 737 A.2d 214, 223–24 (1999); *Commonwealth v. Peterkin,* 554 Pa. 547, 552–53, 722 A.2d 638, 640 (1998). However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. *Id.* Thus, "the question then becomes whether petitioner had an available remedy under the PCRA...." *Commonwealth v. Lusch,* 759 A.2d 6, 8 (Pa.Super.2000).

■ ¶6 Here, Appellant's petition to modify his sentence was filed under 61 P.S. § 81 and does not challenge the propriety of his conviction or sentence. Instead, the relief Appellant ultimately seeks is a transfer, or sentence modification, to provide for his special medical needs. This claim is not contemplated under the PCRA, nor is such a remedy available under the PCRA. Therefore, we do not consider Appellant's petition as a PCRA petition. Consequently, his claim is not subject to the eligibility requirements and/or time constraints of that Act.[5] *Id.*

---

1.  18 Pa.C.S.A. § 2702(a)(1).

2.  18 Pa.C.S.A. §§ 901(a), 2501(a).

3.  18 Pa.C.S.A. § 2901(a)(3).

4.  42 Pa.C.S.A. §§ 9541–9546.

5.  We note also, if a petition under Section 81 is considered a PCRA petition, then any inmate incarcerated for more than a year following the date his judgment of sentence became final, would be foreclosed from seeking redress under that Section. *See* 42 Pa.C.S.A. § 9545(b). This result could not have been intended by the legislature when it enacted 61 P.S. § 81.

We now proceed to the merits of Appellant's issue.

■ ¶ 7 Appellant argues that the trial court did not consider any evidence of his medical condition when ruling on the merits of his petition. Appellant contends that the trial court should have held a hearing to evaluate the seriousness of his medical condition and the incompetent and inattentive care he has been afforded in prison. Appellant concludes that the trial court's refusal to hold a hearing denied him due process of law. We disagree.

■ ¶ 8 Appellant's claim is governed by 61 P.S. § 81, which provides:

Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, **and that it is necessary that he or she be removed from such penal institution**, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

61 P.S. § 81 (emphasis added).

This statute clearly applies only to those prisoners who become seriously ill while in prison and, for the benefit of the ill prisoner as well as the rest of the prison population, should be transferred temporarily to a more suitable institution where he or she can be administered properly.

*Commonwealth v. Landi,* 280 Pa.Super. 134, 421 A.2d 442, 445 (1980).

¶ 9 In a similar case, the Fulton County Court of Common Pleas addressed the issue Appellant raises. *See Commonwealth v. Lanehart,* 15 Pa.D. & C.4th 599 (Pa. Com.Pl.1992), *affirmed,* 427 Pa.Super. 643, 625 A.2d 91 (1992), *appeal denied,* 537 Pa. 622, 641 A.2d 587 (1994). In *Lanehart,* the petitioner, an inmate at SCI–Camp Hill, suffered from paraplegia. In his petition for relief under Section 81, Lanehart alleged that the substandard medical care he received at Camp Hill led to infections in his legs. Without a hearing, the court denied Lanehart relief on his claims, stating:

[D]efendant was "ill" prior to going to prison or, more accurately, suffered from paraplegia and its attendant complications. Defendant has not alleged that he cannot be treated medically at Camp Hill, but rather that his medical care has been neglected, *i.e.* that bandages have not been changed frequently enough, he has not been administered proper antibiotics, and that the physicians who treat him are incompetent.

The statute under which defendant has sought relief is not intended to address alleged general shortcomings in the provision of medical care in the state prison system, which is the thrust of defendant's complaint. Rather, it is intended to provide for the removal of the individual seriously ill inmate for his good and the good of the institution.

\*   \*   \*

Defendant has attempted to raise questions about the quality of medical care provided to him in the environment of the state corrections system, rather than the issue that the statute addresses, *i.e.*

that it is necessary that he be removed from the current institutional setting to provide for his medical needs.

*Id.* at 601. Explaining why it denied Lanehart a hearing, the court said:

We denied a hearing in this matter because the petition which sought one did not set forth a ground for relief under the statute. Although defendant appears to believe that it is a *per se* denial of due process to deny him a hearing, he has omitted to consider if his petition has stated at least a *prima facie* basis for relief under the statute. Out of an excess of caution, we sought additional materials from his counsel so that we could at least get a brief preview of the matters defendant would expect to prove at hearing, even though the petition itself did not appear to set forth grounds for the relief sought.

As noted above, and in the attached correspondence, what we received was complaints about the frequency of the changing of bandages, and other negative comments regarding the general level of medical care provided to defendant at SCI–Camp Hill, [e.g. a reference to "meatball surgery" provided to inmates at 2 of counsel's letter of April 22, 1992]. If such deficiencies exist, there are legal avenues to address them. However, defendant's release from custody under 61 P.S. § 81 is not a remedy for this type of complaint.

*Id.* While we recognize that *Lanehart* is not binding on this Court, we conclude that the reasoning in that case is sound. As the facts in the instant case mirror those in *Lanehart,* we adopt the reasoning of the trial court in *Lanehart* and apply it to the case at bar.

¶ 10 Here, Appellant raises numerous allegations that he is receiving inadequate medical care. However, Appellant has not alleged that his current facility lacks the resources to treat him. Appellant also fails to allege that his illness compromises the collective health of the institution holding him. Therefore, Appellant has not made a *prima facie* claim under Section 81 for modification of his sentence or a transfer. *See id.* Although Appellant does have a right to proper medical care while incarcerated, his allegations do not merit relief under Section 81. That Section only provides for transfer or sentence modification where the institution lacks the resources to properly care for an inmate, or where the inmate's removal is in the best interest of the institution as a whole. Moreover, while the court did not conduct a hearing before dismissing Appellant's petition, the court did obtain copies of Appellant's extensive medical records. *See id.* After reviewing those records, the court determined that Appellant's petition did not warrant a hearing.

¶ 11 Based upon the foregoing, we hold that Appellant is not entitled to a hearing because he did not make a *prima facie* claim for relief under 61 P.S. § 81. Accordingly, we affirm the trial court's order denying Appellant's petition to modify his sentence due to illness.

¶ 12 Order affirmed.