J-S10011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLINTON WALKER | |
| Appellant | No. 1752 EDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0506521-1999

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 29, 2015**

Appellant, Clinton Walker, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 15, 1999, Appellant shot and killed Victim during a "game" of "Russian Roulette," following an argument between Appellant and Victim over a counterfeit $100.00 bill. Appellant was 17 years old at the time of the shooting. Appellant pled guilty on December 16, 1999, to murder generally. Following a degree-of-guilt hearing, the court convicted Appellant of first-degree murder and sentenced him to life imprisonment without parole. This Court affirmed on March 22, 2001. *See Commonwealth v. Walker*, 777 A.2d 510 (Pa.Super. 2001). On May 23,

_____

*Retired Senior Judge assigned to the Superior Court.

2005, Appellant filed his first PCRA petition, which the court dismissed on August 14, 2006. On June 14, 2010, Appellant filed the current *pro se* PCRA petition. Appellant filed amendments on August 3, 2012, September 17, 2012, and December 26, 2013. On June 12, 2014, the court issued notice per Pa.R.Crim.P. 907. Appellant responded on June 30, 2014. The court denied PCRA relief on May 18, 2015. On June 3, 2015, Appellant timely filed a notice of appeal. No Pa.R.A.P. 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1), (b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on April 21, 2001, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113. Appellant filed the current petition on June 14, 2010, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke a timeliness exception under Section 9545(b)(1)(iii), claiming *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) set forth a newly recognized constitutional right, held to apply retroactively.[1] Nevertheless, our Supreme Court has ruled *Miller* does not apply retroactively to sentences which became final before the filing date of *Miller* (June 25, 2012). *See Commonwealth v. Cunningham*, 622 Pa. 543, 81 A.3d 1 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 2724, 189 L.Ed.2d 763 (2014). Thus, the PCRA court properly dismissed Appellant's petition.[2]

Order affirmed.

_____

[1] In his PCRA petition filed June 14, 2010, Appellant relied on *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (holding imposition of life without parole sentences for juvenile **non-homicide** offenders violates Eighth Amendment). *Graham* does not apply to Appellant, as the court convicted Appellant of first-degree murder. *See id.* Appellant relied on *Miller* in his amended PCRA petitions.

[2] Appellant's attempt to seek *habeas corpus* relief also fails. *See* 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose); *Commonwealth v. Deaner*, 779 A.2d 578 (Pa.Super. 2001) (stating any collateral petition raising issues with respect to remedies offered under PCRA will be considered PCRA petition).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015