J-S20002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.E. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH CALDWELL | |
| Appellant | No. 45 WDA 2015 |

Appeal from the PCRA Order November 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006929-2007

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.                **FILED APRIL 15, 2016**

Appellant, Keith Caldwell, appeals *pro se* from the order entered November 19, 2014, in the Court of Common Pleas of Allegheny County, which dismissed as untimely his serial PCRA[1] petition. We affirm.

On March 12, 2008, a jury convicted Appellant of first-degree murder for the shooting death of his grandfather. This Court affirmed the judgment of sentence on appeal, and the Supreme Court denied allocatur on April 25, 2012. **See Commonwealth v. Caldwell**, 38 A.3d 919 (Pa. Super., filed Nov. 14, 2011) (unpublished memorandum), **appeal denied**, 44 A.3d 1160 (Pa. 2012). On December 5, 2012, Appellant filed a *pro se* PCRA petition and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

the PCRA court appointed counsel. Appointed counsel subsequently filed a petition to withdraw and "no merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On May 20, 2013, the PCRA court granted counsel permission to withdraw and dismissed Appellant's PCRA petition. This Court affirmed the dismissal of the PCRA petition. **See Commonwealth v. Caldwell**, 1381 WDA 2013 (Pa. Super., filed July 15, 2014) (unpublished memorandum).

On September 19, 2014, Appellant filed *pro se* a document entitled, "Affidavit and Notice/Motion to compel the Presiding Judge the Honorable Randall B. Todd to Rule Upon the Merits of the Petitioner's Miranda Violation Issue in Order for the Petitioner to Obtain Relief and/or be in Compliance with Appealate [sic] Procedure Also Requesting Judge Todd to Rescind His Decision Denying Petitioner's Allowance of Appeal and Reverse His Decision Allowing PCRA Counsel to Withdraw Under Finley v. Turner." Despite the prolix caption, the lower court properly treated Appellant's motion as a second PCRA petition. The PCRA court issued Pa.R.Crim.P. 907 notice and then on November 19, 2014, the court dismissed Appellant's petition as untimely. This timely appeal followed.

The timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final

- 2 -

at the conclusion of direct review or at the expiration of time for seeking review. *See* 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the PCRA court properly treated Appellant's motion as a serial PCRA petition subject to the PCRA's time restrictions. *See* 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose); *Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (stating any collateral petition raising issues with respect to remedies offered under PCRA will be considered PCRA petition). Appellant's judgment of sentence became final on July 24, 2012, 90 days after our Supreme Court denied allowance of appeal and the time expired for filing a petition for writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant therefore had until July 24, 2013, to file a timely PCRA petition. As Appellant filed the current petition on September 19, 2014, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant has not pleaded and proved in his petition any of the three enumerated statutory exceptions to the time-bar. Thus, the court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2016