J-S47039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHAILI RAHZAAN ROWE | |
| Appellant | No. 2137 MDA 2015 |

Appeal from the PCRA Order November 3, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003175-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 21, 2016**

Khaili R. Rowe appeals, *pro se*, from the trial court's order dismissing his Post Conviction Relief Act (PCRA) petition, 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

On July 21, 2011, a jury found Rowe guilty of possession of a controlled substance with intent to deliver (crack cocaine; more than 100 grams);[2] he was sentenced to 7½ to 20 years of imprisonment.  The sentencing guideline sheet indicates that Rowe was sentenced to a

_____

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

[2] 35 P.S. 780-113(a)(30).

mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(iii).[3] Rowe filed a direct appeal and our Court affirmed his judgment of sentence. *Commonwealth v. Rowe*, 2004 MDA 2011 (Pa. Super. filed Dec. 19, 2012). Rowe filed a petition for allowance of appeal which the Supreme Court denied on June 6, 2013. Rowe filed his first PCRA petition on March 28, 2014. PCRA counsel was appointed and an amended petition was filed. On August 19, 2014, the court dismissed the petition without a hearing.

On February 26, 2015, Rowe filed a Petition for Writ of Habeas Corpus which the trial court treated as a second PCRA petition.[4] In this petition,

_____

[3] Section 7508(a)(3)(iii) states:

> [W]hen the aggregate weight of the compound or mixture of the substance involved is at least 100 grams [a defendant shall be sentenced to a mandatory minimum term of imprisonment of] four years in prison and a fine of $ 25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, **if at the time of sentencing the defendant has been convicted of another drug trafficking offense [the defendant shall be sentenced to a mandatory minimum sentence of] seven years in prison and $ 50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.**

18 Pa.C.S. § 7508(a)(3)(iii) (emphasis added).

[4] *See Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (collateral petition that raises issue that PCRA statute could remedy is to be considered PCRA petition).

Rowe alleged that his sentence was illegal based on the holding of **Alleyne**[5] and the application of an unconstitutional mandatory minimum statute. The court ultimately dismissed the petition as untimely on November 3, 2015. This appeal follows.

On appeal, Rowe presents the following issues for our consideration:

(1) Whether the case of **Alleyne v. United States**, 133 S. Ct. 2151[,] can be applied to the Appellant's case based on recent court decisions.

(2) Whether the Appellant is serving an illegal sentence.

(3) Whether the Appellant had ineffective PCRA counsel.

Before we address the merits of Rowe's claims on appeal, we must first determine whether the court, in fact, applied a mandatory minimum statute to his sentence.

Typically, the text of a sentencing order and not the statements a trial court makes about a defendant's sentence is determinative of the court's sentencing intentions and the sentence imposed. **See Commonwealth v. Borrin**, 12 A.3d 466 (Pa. Super. 2011) (en banc). Instantly, in its Pa.R.A.P. 1925 opinion (which incorporates by reference the court's Pa.R.Crim.P. 907 notice of intent to dismiss), the trial court states that Rowe "did not receive a mandatory minimum sentence." Pa.R.Crim.P. 907 Notice, 9/21/15, at 2. Moreover, at sentencing the Commonwealth sought the statutory maximum

_____

[5] In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Id.** 133 S. Ct. at 2163.

10-20 year sentence for Rowe, not the mandatory minimum, indicating that the 7-year mandatory minimum was not sufficient where this was Rowe's fourth drug conviction, he was a "career drug dealer" and "the mandatory minimum only factors in on the second offense." N.T. Sentencing, 10/4/11, at 3, 6. Finally, at sentencing the court noted that it intended to impose a sentence "at the top end of the standard range." *Id.* at 7.

Pursuant to 18 Pa.C.S. § 7508(b):

Notice of the applicability of this section to the defendant shall not be required prior to conviction, but **reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.**

*Id.* (emphasis added). Instantly, the Commonwealth clearly expressed its intention *not* to seek the mandatory minimum, but rather the statutory maximum. Moreover, the trial court mirrored the Commonwealth's sentiment, indicating that Rowe "probably deserves . . .10 to 20," but that sentencing at the top of the standard range (7½ years), which was above the seven-year mandatory minimum, was applicable. N.T. Sentencing, 10/4/11, at 7. Under such circumstances, we find that the court did not, in fact, impose a mandatory minimum sentence upon Rowe. *See Borrin*, *supra* at 473-74 ("If the trial court's intention to impose a certain sentence

on [the defendant] was obvious on the face of the sentencing transcript, but its written order did not conform to its clearly stated sentencing intention, then it could exercise its inherent power to correct what constituted a clear clerical error [in the original sentencing order].").  Therefore, his claim is moot.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

_____

[6] However, even if we were to find that the court applied the mandatory minimum, Rowe would not be entitled to relief as his petition was neither timely filed, 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13., nor did it meet a section 9545(b)(1) exception.  **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997); 42 Pa.C.S. § 9543(a)(2)(vii) (while legality of sentence is always subject to review within PCRA, claims must still first satisfy PCRA's time limits or one of the exceptions thereto.).   Despite the fact that section 7508 has been declared unconstitutional, Rowe is not entitled to relief in his untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). Therefore, the trial court properly concluded that Rowe's untimely PCRA petition should be dismissed. **Johnston**, **supra**.

Moreover, having found no merit to Rowe's underlying claim that his sentence is illegal under **Alleyne**, we cannot deem counsel ineffective. **Commonwealth v. Spotz**, 47 A.3d 63, 76 (Pa. 2012) (to prevail on ineffectiveness claim, petitioner must plead and prove, by a preponderance of the evidence, among other elements, that underlying legal claim has arguable merit).