J -S03028-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

 COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 PENNSYLVANIA

 v.

 JOSEPH TAYLOR

 Appellant : No. 2552 EDA 2017

 Appeal from the PCRA Order July 20, 2017
 In the Court of Common Pleas of Chester County
 Criminal Division at No(s): CP-15-CR-0003165-2001

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J. FILED JUNE 22, 2018

 Joseph Taylor appeals pro se from the order dismissing his fourth

petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§

9541-9546, as untimely. We affirm.

 On May 18, 1998, Taylor pleaded guilty to criminal attempt to commit

homicide for shooting Ironne Cannon. The trial court sentenced Taylor to an

aggregate term of fifteen to thirty years' imprisonment. Three years later,

Cannon succumbed to injuries sustained in the shooting. Subsequently, the

Commonwealth charged Taylor in relation to Cannon's death. A jury later

convicted Taylor of first -degree murder and the court sentenced him to life in

prison. This Court affirmed Taylor's judgment of sentence, and on November

* Former Justice specially assigned to the Superior Court.
J -S03028-18

30, 2005, our Supreme Court denied Taylor's petition for allowance of appeal.

Taylor did not file a petition for certiorari to the United States Supreme Court.

 Over the next ten years, Taylor filed a series of PCRA petitions and

appeals. After this Court affirmed the dismissal of his third PCRA petition,

Taylor filed a "Petition for Writ of Habeas Corpus" on May 22, 2017. In his

petition, Taylor alleged that the trial court did not have the authority to impose

a sentence for his first -degree murder conviction because Taylor's guilty plea

to criminal attempt should have acted as a bar to prosecution. As such, Taylor

averred that his sentence of life imprisonment was invalid. The PCRA court

treated this petition as Taylor's fourth PCRA petition and issued a Rule 907

notice to dismiss without a hearing. Despite Taylor's response, the PCRA court

dismissed Taylor's petition. Taylor filed a timely notice of appeal to this Court.

 On appeal, Taylor contends that the PCRA court erred in treating his

petition as a PCRA petition, subject to the PCRA's time -bar, rather than a

petition for writ of habeas corpus. Instead, Taylor argues that his challenge to

the validity of his sentence does not fall within the parameters of the PCRA

because it is not a challenge to the legality or discretionary aspects of the

sentence imposed.

 The PCRA is intended to be the sole means for a petitioner to achieve

post -conviction relief. See 42 Pa.C.S.A. § 9542 ("The action established in

this subchapter shall be the sole means of obtaining collateral relief and

encompasses all other common law and statutory remedies for the same

purpose that exist when this subchapter takes effect, including habeas corpus

 - 2 -
J -S03028-18

and coram nobis.") Therefore, "[u]nless the PCRA could not provide for a

potential remedy, the PCRA statute subsumes the writ of habeas corpus.

Issues that are cognizable under the PCRA must be raised in a timely PCRA

petition and cannot be raised in a habeas corpus petition." Commonwealth

v. Taylor, 65 A.3d 462, 465-466 (Pa. Super. 2013) (citations omitted). See

also Commonwealth v. Deaner, 779 A.2d 578, 580 (Pa. Super. 2001) ("It
is well settled that any collateral petition raising issues with respect to

remedies offered under the PCRA will be considered a PCRA petition.")

 Here, Taylor's claim of an invalid sentence rests upon his belief that the

trial court did not have the authority to sentence him after his guilty plea. A

challenge to the trial court's jurisdiction is squarely within the purview of the

PCRA. See 42 Pa.C.S.A. § 9543 (a)(2)(viii) ("To be eligible for relief ... the
petitioner must plead and prove...[t]hat the conviction or sentence resulted

from one or more of the following: ... a proceeding in a tribunal without

jurisdiction"). Thus, the court properly treated Taylor's writ as his fourth PCRA

petition. See Commonwealth v. Hall, 771 A.2d 1232, 1235 (Pa. 2001)

("Where, as here, a defendant's post -conviction claims are cognizable under

the PCRA, the common law and statutory remedies now subsumed by the

PCRA are not separately available to the defendant.")

 Since the trial court properly treated Taylor's petition as a PCRA petition,

the time limits of the PCRA applied. Under the PCRA, a petitioner must file any

PCRA petition within one year of the date that his judgment becomes final.

See 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the

 - 3 -
J -S03028-18

conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or the

expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's

timeliness requirements are jurisdictional in nature; a court cannot address

the merits of the underlying issues raised if the PCRA petition was not timely

filed. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

 Taylor's judgment of sentence became final on February 28, 2006, when

the period for seeking review with the United States Supreme Court expired.

See 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Taylor had until

February 28, 2007, to file a timely PCRA petition. See 42 Pa.C.S.A. §

9545(b)(1). Taylor's PCRA petition, filed over ten years later, is patently

untimely and time -barred, unless he pleads and proves an exception to the

time -bar. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

 Taylor did not plead, and has not argued, that his petition qualifies for

any of the recognized exceptions to the PCRA's time bar. As such, the PCRA

court correctly dismissed Taylor's petition as untimely.

 Order affirmed.

Judgment Entered.

Jseph D. Seletyn,
Prothonotary

Date: 6/22/18

 -4
J -S03028-18

 -5