J-S43023-22

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
REGINALD EADDY :
:
Appellant : No. 1074 EDA 2022

Appeal from the Order Entered March 21, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0007273-2009.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED FEBRUARY 7, 2023**

Reginald Eaddy appeals from the order denying his "Application for immediate and extraordinary relief."  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On August 18, 2010, a jury found Eaddy guilty of three counts of robbery.  On September 30, 2010, the trial court sentenced him to an aggregate term of 20 to 40 years of imprisonment.  The trial court denied Eaddy's post-sentence motion and Eaddy appealed.  On July 2, 2012, after rejecting his claims on appeal, we affirmed his judgment of sentence. ***Commonwealth v. Eaddy***, 55 A.3d 122 (Pa. Super. 2012) (non-precedential decision).  Eaddy did not seek further review.

On April 2, 2013, Eaddy filed a *pro se* petition pursuant to the Post-Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. Following a **Grazier**[1] hearing, Eaddy was permitted to proceed *pro se*. Following proper notice, the PCRA court dismissed Eaddy's first PCRA petition by order entered February 21, 2014. Eaddy appealed. On January 15, 2015, this Court affirmed the order denying Eaddy post-conviction relief. **Commonwealth v. Eaddy**, 118 A.3d 446 (Pa. Super. 2015) (non-precedential decision).

On March 22, 2016, Eaddy filed a second *pro se* PCRA petition. On August 25, 2017, the PCRA court denied this petition as untimely filed and otherwise without merit. Eaddy did not file an appeal.

On September 15, 2020, Eaddy filed an "Application for Immediate and Extraordinary Relief" in which Eaddy sought release to home confinement or other supervised release based upon the COVID-19 pandemic, his health status, and the inability to adequately socially distance in prison. **See** Application, 9/15/20, at 33.[2]

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] The Commonwealth contends that the court below treated this application as a PCRA petition. There is no support in the record for this contention. As this Court has held, because such petitions seek transfer or sentence modification to provide for a prisoner's medical needs, but do not challenge the propriety of the convictions or sentence, the PCRA cannot provide a remedy. Thus, such petitions are not subject to the PCRA's eligibility requirements and time limitations. **See generally Commonwealth v. Deaner**, 779 A.2d 578, 580-81 (Pa. Super. 2001); 42 Pa.C.S.A. § 9777.

While this application was pending, on August 30, 2021, Eaddy filed a "Motion for Reconsideration of Sentence and also filed Pursuant to Rule 1410, Pa.R.Crim.P. seeks to Modify and Reduce, the sentence of imprisonment imposed on all charges on 9/3/2010[.]" Eaddy raised a number of claims in this filing, including the assertion that his sentence was illegal.

By order entered March 18, 2022, the trial court denied Eaddy's 2020 application "requesting home confinement due to his high risk of illness due to the Covid-19 pandemic . . . on the grounds that [Eaddy] has failed to establish a prima facie case that he qualifies for a modification of his sentence due to a medical condition." Eaddy filed this timely appeal. Both Eaddy and the trial court have complied with Pa.R.A.P. 1925.

In his appellate brief, Eaddy fails to present any claim or argument involving the denial of his 2020 application for immediate and extraordinary relief. Instead, he presents argument to support the sentencing claims he made in his 2021 motion that was not ruled upon by the trial court. As such, we have no basis to disturb the trial court's denial of his 2020 application, and we affirm the order denying him relief.

With respect to his 2021 motion for reconsideration of sentence, we make no finding. This motion should be treated as a subsequent PCRA petition once the record is remanded to the trial court.[3]

---

[3] The trial court did not treat Eaddy's 2020 application as a PCRA petition; we reject the Commonwealth's suggestion that we remand this appeal so that the

*(Footnote Continued Next Page)*

- 3 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023

---

court can give Eaddy Pa.R.A.P. 907 notice of its intent to dismiss. We further note that the failure to issue Rule 907 notice is not reversible error when the record is clear that the petition is untimely. **Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).