J-S06035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES E. HARMON | : | |
| | : | |
| Appellant | : | No. 1593 MDA 2022 |

Appeal from the PCRA Order Entered September 21, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-MD-0000375-1978

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MARCH 15, 2023**

Appellant, James E. Harmon, appeals from the September 21, 2022, Order entered in the Court of Common Pleas of Franklin County dismissing Appellant's self-styled petition for writ of *habeas corpus* as his eighth *pro se* petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545.  Concluding that Appellant's petition amounts to an untimely serial PCRA petition, we affirm.

This Court previously has summarized the factual and procedural history of Appellant's case, as follows:

> On February 7, 1979, after a [non-jury trial], Appellant was found guilty of murder in the second degree and robbery.  On August 29, 1979, the [c]ourt imposed the following sentences to be served consecutively:  mandatory life imprisonment for the second[-] degree murder conviction and five (5) to twenty (20)

---

[*] Former Justice specially assigned to the Superior Court.

years of incarceration for the robbery conviction. Over the next thirty years, Appellant filed several [PCRA petitions]; none of the [petitions] filed has resulted in relief. [However, in 1986, a federal district court ruled Appellant's consecutive robbery sentence was null and void.]

***Commonwealth v. Harmon***, 1852 MDA 2017 (Pa. Super. filed May 31, 2018) (unpublished memorandum decision), *quoting* PCRA Court Opinion, 1/21/17, at 2-3 (footnote omitted).

Most recently, on February 6, 2022, Appellant filed with the Pennsylvania Commonwealth Court a civil Petition for Writ of *Habeas Corpus* challenging the legality of his second-degree murder sentence *nunc pro tunc*. The Commonwealth Court transferred this matter to the trial court for want of jurisdiction by order of February 23, 2022. On March 17, 2022, the trial court construed Appellant's filing as an untimely PCRA petition and denied him relief. This appeal followed.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

In Appellant's *pro se* appellate brief, he maintains that the PCRA court erred when it treated his *habeas corpus* petition as an untimely PCRA petition. In the alternative, he argues that his legality of sentence claim is not waivable.

Before we may address the merits of Appellant's claim, however, we must properly construe the nature of the petition in which he raised the claim. We have noted that one may not circumvent PCRA time limits applicable to issues cognizable under the PCRA simply by couching such issues in a self-styled writ of *habeas corpus*:

> We recognize that, [i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, ... 32 A.3d 697 ( [Pa.] 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. [**Commonwealth v.**] **Fahy**, [737 A.2d 214,] 223–224 [(Pa. 1999) ]; **Commonwealth v. Chester**, ... 733 A.2d 1242 ([Pa.] 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, ... 722 A.2d 638 ( [Pa.] 1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa. Super. 2001) ([stating that] a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

**Commonwealth v. Taylor**, 65 A.3d 462, 465–66 (Pa. Super. 2013).

Appellant's claim arguably may be construed as stating either of two alternate theories of relief. Under the first theory, Appellant's claim challenges the legality of his sentencing order because the order allegedly failed to cite to 18 Pa.C.S. § 1102(b), which explicitly authorizes a life sentence for second-degree murder, and instead only cited to 18 Pa.C.S. § 2502(b), which does

not mention the applicable sentence. *See* Brief for Appellant, at pp. iv, iv-I, and 11.[1]   Under the second theory, Appellant's claim expresses a void-for-vagueness[2] challenge in which he argues that 18 Pa.C.S. 2502(b),[3] defining second-degree murder, and, by implication, Section 1102(b),[4] providing the sentence for second-degree murder, failed to authorize a life sentence for second-degree murder.   Such a claim also implicates the legality of one's

---

[1] Even if we were to address this claim on the merits, we would affirm that it offers Appellant no relief, because the trial court possessed authority to pronounce sentence in the instant matter.  *See Commonwealth v. Stultz*, 114 A.3d 865 (Pa. Super. 2015) (failure to cite a statute in a sentencing order does not render a sentence illegal where court has statutory authority to pronounce sentence).

[2] "A statute will only be found unconstitutional if the statute is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth v. Brensinger*, 218 A.3d 440, 456 (Pa. Super. 2019) (citation and quotation marks omitted).

[3] Section 2502, "Murder", provides in relevant part:

> **(b) Murder of the second degree.--**A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

18 Pa.C.S.A. § 2502(b).

[4] Section 1102, "Sentence for Murder", provides in relevant part:

> **(b) Second degree.--**Except as provided under section 1102.1, a person who has been convicted of murder of the second degree, of second degree murder of an unborn child or of second degree murder of a law enforcement officer shall be sentenced to a term of life imprisonment.

18 Pa.C.S.A. § 1102(b).

sentence.  ***See Commonwealth v. Prinkey***, 277 A.3d 554, 562 (Pa. 2022) (citing, *inter alia*, ***Commonwealth v. Moore***, 247 A.3d 990, 997 (Pa. 2021) (explaining that, because a sentencing court does not have authority to sentence a defendant under a sentencing statute that is unconstitutionally vague, a void-for-vagueness challenge "is exactly the type of claim" that we held "implicated the legality of the sentence . . . and found cognizable under the PCRA . . . .")).

Under either theory, therefore, Appellant's self-styled *habeas corpus* petition raised a legality of sentence claim that would be cognizable under the PCRA and subject to the PCRA timeliness provisions.  ***See Moore***, ***supra*** at 993.  Accordingly, as did the PCRA court below, we deem Appellant's *habeas corpus* petition a serial PCRA petition.

The timeliness requirements of the PCRA are jurisdictional in nature and cannot be ignored or set aside.  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).  The relevant statutory provision of the PCRA provide as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. 9545(b).

Under this framework, an appellant must either file a petition within one year of his judgment of sentence becoming final under Section 9545(b)(3), or "plead" and "prove" that one of the enumerated exceptions apply. "[T]here is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

For the purposes of the PCRA, Appellant's sentence became final ninety days after our Supreme Court affirmed his judgment of sentence on June 4, 1981, when the time for him to seek a writ of *certiorari* to the United States Supreme Court from the Pennsylvania Supreme Court's denial of his *allocatur* petition expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 20.1 (effective Nov. 21, 1980 through Jan. 1, 1990 until replaced by U.S.

Sup. Ct. Rule 13). Thus, Appellant's most recent petition was facially untimely by over forty years when it was filed.

Furthermore, Appellant has neither pled nor proven any of the timeliness exceptions under Section 9545(b)(1). Therefore, because Appellant's petition for PCRA relief is untimely and not subject to any exception, the PCRA court lacked jurisdiction to entertain the petition. Accordingly, we conclude the PCRA court correctly dismissed Appellant's eighth PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023