J-A28028-24

**Pa.NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RONALD WALKER :
:
Appellant : No. 2867 EDA 2023

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0012167-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RONALD WALKER :
:
Appellant : No. 391 EDA 2024

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0013498-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RONALD WALKER :
:
Appellant : No. 392 EDA 2024

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0013501-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF

|                        |   |              |
|------------------------|---|--------------|
|                        | : | PENNSYLVANIA |
|                        | : |              |
| v.                     | : |              |
|                        | : |              |
|                        | : |              |
|                        | : |              |
| RONALD WALKER          | : |              |
|                        | : |              |
| Appellant              | : | No. 393 EDA 2024 |

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0013502-2014

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 18, 2025**

Appellant, Ronald Walker, appeals from the August 2, 2023, order of the Court of Common Pleas of Philadelphia County denying his petition to unseal indicting grand jury documents.  Upon review, we quash the appeal as untimely.

In 2015, the Commonwealth convened a grand jury who indicted Appellant for burglary, aggravated assault, involuntary deviate sexual intercourse ("IDSI"), intimidation of a witness, retaliation of a witness, arson, criminal mischief, and related offenses.  Appellant filed an omnibus pretrial motion to dismiss the charges on docket numbers 13498-2014, 13501-2014, and 13502-2014.  He argued (1) Pa.R.Crim.P. 556, permitting the use of indicting grand juries, was unconstitutional; (2) the court lacked jurisdiction because the Commonwealth failed to establish that witness intimidation occurred; and (3) the Commonwealth failed to comply with the Rules of Criminal Procedure for summoning, selecting and overseeing an indicting

- 2 -

grand jury. *See* Omnibus Pretrial Motion, 12/24/2014. The record does not indicate that the trial court ruled on Appellant's motion. Thereafter, Appellant filed a motion to quash on all dockets, raising similar claims regarding the use of the indicting grand jury. *See* Motion to Quash, 3/3/15. Appellant's motion was denied.

Appellant was convicted by a jury of multiple counts relating to burglary, aggravated assault, IDSI, intimidation of a witness, retaliation against a witness, arson, and criminal mischief. He was sentenced to an aggregate term of 36 to 90 years' incarceration. On appeal, Appellant challenged the sufficiency of the evidence. This Court affirmed Appellant's judgment of sentence on August 13, 2018. *See Commonwealth v. Walker*, 712 EDA 2017, unpublished memorandum (Pa. Super. filed August 23, 2018). Our Supreme Court denied allowance of appeal.

In 2019, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Counsel was appointed and filed an amended petition. In it, Appellant raised ineffectiveness claims related to trial counsel's failure to "object, file a motion to quash the indictment, or request a dismissal of charges based on the Commonwealth's disregard for the applicable rule of procedure during the indicting grand jury (IGJ) process." Amended PCRA petition, 1/28/20, at 7 (our pagination). He further argued that "[w]ithout proof that Rule 556 was satisfied, the indictment is invalid and the jurisdiction of the trial court is not established." *Id.*

Appellant's PCRA petition was ultimately dismissed. This Court affirmed the dismissal and noted that trial counsel *did* object to the Commonwealth's use of an indicting grand jury, and that the proper procedure was followed in Appellant's case. ***See Commonwealth v. Walker***, Nos. 323, 324, 325, 326 EDA 2021, unpublished memorandum (Pa. Super. filed December 15, 2021). Allowance of appeal to our Supreme Court was denied.

Appellant filed a second *pro se* PCRA petition on January 9, 2023, again raising claims related to the Commonwealth's use of an indicting grand jury and his request for various documents. The petition was dismissed on January 8, 2024. The dismissal of Appellant's second PCRA petition is not the subject of this appeal.

On June 22, 2023, Appellant filed a petition to unseal indicting grand jury documents. He contends that his convictions should be reversed because the trial court lacked jurisdiction due to the lack of documentary evidence that the Commonwealth complied with the Rules of Criminal Procedure for indicting grand juries. After a hearing on August 2, 2023, the court denied Appellant's petition. This appeal followed. Both Appellant and the court have complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

> This complex appeal involves numerous issues, all are centered on a cumulative of procedural irregularities which made [A]ppellant's trial fundamentally unfair, such that [A]ppellant was denied his due process, in violation of the Fourteenth Amendment of the United States Constitution, which constituted a 'miscarriage of justice:'

(1)    Did the Commonwealth overreach in their argument with charging [Appellant] with witness intimidation just to convene an indicting grand jury for docket 0033014/0012167 because the lack of evidence would not suffice a preliminary hearing[?]

(2)    Did the common pleas court superimpose one of [18 Pa.C.S.A.] § 4952(A)(1), witness intimidation enhancement upon the substantive provisions defining the core elements of the offense, thereby inappropriately permitting the Commonwealth to establish "intimidation" via, the mere fact of an inducement?

(3)    Did the Commonwealth abrogate Pa.R.Crim.P. 502, initiating criminal proceedings, on docket 0036888/0013502, where there was no complaint filed? Also, did the Commonwealth satisfy all the prerequisites in Pa.R.Crim.P. 556 to commence with a[n] indicting grand jury?

(4)    Did the Commonwealth violate **Brady**[1] by redacting its discussion of law to the jurors prior to their deliberation at the grand jury hearing on 10/17/14 for docket 0033014/0012167?  Also, prior to their deliberation on dockets 0036886/0013498, 0036887/0013501, and 0036888/0013502 at the grand jury hearing on 11/19/14[?]

(5)    Did the trial court abuse its discretion by denying [Appellant's petition] to unseal grand jury documents, where [Appellant's] requests [were] not available to him previously and the Commonwealth's argument to Judge Ehrlich in an *ex parte* hearing on or before the convening on both grand jury hearings, 10/17/14 & 11/19/14, in which the Commonwealth's argument is material evidence to [Appellant's] claim[?]

Appellant's Brief, at 1-2.

_____

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 5 -

Before addressing Appellant's claims, we first must determine whether we have appellate jurisdiction over this appeal. We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014). To perfect an appeal and invoke our jurisdiction, an appellant must file a notice of appeal within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903; **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014).

Here, the court denied Appellant's motion to unseal grand jury documents on August 2, 2023. To be timely, an appeal was required to be filed by September 1, 2023. The instant appeal was filed on October 16, 2023 – well beyond the 30-day deadline. Therefore, this appeal must be quashed as untimely. Moreover, Appellant's requested relief already has been litigated several times – it was raised in an omnibus pretrial motion, a motion to quash, two PCRA petitions, and addressed by this Court on appeal from the dismissal of his first PCRA petition.[2] To the extent the instant appeal should be treated

_____

[2] Regardless of how Appellant styled the underling motion, a review of the claims and the arguments put forward in support thereof clearly reveals that the motion was intended to challenge the legality of his conviction. As such, it should have been treated as a PCRA petition. **See**, **e.g.**, **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("legality of the sentence is always subject to review within the PCRA where . . . the petition is timely"); **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) ("[A]ny collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition"). **See also Commonwealth v. Hackett**, 956 A.2d 978, 986 (Pa. 2008) ("We find that [a]ppellee's **Batson**
*(Footnote Continued Next Page)*

as that from a PCRA order, the appeal is dismissed, since the issues raised have already been litigated.

Appeal quashed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/18/2025

---

claim, which essentially attacks his underlying murder conviction, is akin to the aforementioned claims which have been held to be within the ambit of the PCRA and is unlike those unique claims which fall outside the PCRA's statutory scheme.").

Despite the potential error in the treatment of the underlying motion, the fact remains that the instant appeal is untimely, regardless of how the lower court treated or should have treated the motion.