J-S20033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY JERMAINE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1794 MDA 2024 |

Appeal from the PCRA Order Entered November 26, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006484-2008

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 30, 2025**

Appellant, Rodney Jermaine Johnson, appeals *pro se* from the post-conviction court's November 26, 2024 order denying, as untimely, his 12th petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In May of 2009, a jury convicted Appellant of two counts each of rape and involuntary deviate sexual intercourse, as well as single counts of aggravated assault, aggravated indecent assault, and simple assault.  On August 26, 2009, the trial court sentenced him to 28 to 56 years' imprisonment.  On September 22, 2010, this Court affirmed his judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal on March 1, 2011.  **See Commonwealth v. Johnson**, 13 A.3d 991 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 17 A.3d 1252 (Pa. 2011).

Thereafter, Appellant filed eleven unsuccessful PCRA petitions, the most recent of which was in 2022. The denial of that PCRA petition was affirmed by this Court on December 19, 2022. *See Commonwealth v. Johnson*, 290 A.3d 692 (Pa. Super. 2022) (unpublished memorandum).

On October 18, 2024, Appellant filed the instant *pro se* petition, entitled (verbatim), "Motion to Suppression Evidence Rule 581.(A)(B)." Therein, Appellant alleged that evidence should have been suppressed in this case, and that his trial counsel was ineffective for failing to seek suppression. *See* Motion, 10/18/24, at 1-2 (unnumbered). The court properly treated this motion as a PCRA petition, as ineffective assistance of counsel is clearly a cognizable PCRA claim. *See* 42 Pa.C.S. § 9543(a)(2)(ii) (stating that a petitioner may obtain PCRA relief based on "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"); 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) (stating that a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

On November 4, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to deny Appellant's petition without a hearing on the basis that it

was untimely. Appellant did not respond, and on November 26, 2024, the court issued an order denying his petition. Appellant filed a timely, *pro se* notice of appeal. He and the PCRA court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states five issues for our review in the "Statement of Questions Involved" portion of his *pro se* brief. **See** Appellant's Brief at 5 (unnumbered).[1] However, in the "Argument" section of his brief, he presents only one, uninterrupted discussion encompassing two paragraphs. **See id.** at 9 (unnumbered). Therein, Appellant argues that his trial counsel was ineffective in several regards, including for not seeking suppression of certain evidence at trial. **Id.** Thus, we address only this claim, and disregard the other issues Appellant sets forth in his "Statement of Questions Involved," as he has waived them by failing to develop any meaningful argument for our review. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

---

[1] Appellant numbers this page as "1 of 3," but because it is technically the 5th page of his appellate brief, we number it as page 5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2011, making his instant PCRA petition filed in 2024 patently untimely. Appellant makes no attempt to plead or prove any timeliness exception, and "[i]t is well[-]settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Moreover, even if Appellant's ineffectiveness claims (or any of his related contentions that certain evidence should have been suppressed in this case) ***could*** meet a timeliness exception, he has failed to explain why he was unable to raise these arguments earlier, in one of his eleven prior PCRA petitions. Therefore, the PCRA court had no jurisdiction to assess Appellant's instant, untimely petition, and it did not err in denying it.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2025

- 5 -