J-S80024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL GRIMSLEY | : | |
| | : | |
| Appellant | : | No. 1454 EDA 2018 |

Appeal from the PCRA Order April 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0900701-2006

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 29, 2019**

Darnell Grimsley appeals from the order dismissing his second PCRA petition as untimely.  After careful consideration, we affirm.

Appellant was convicted of first-degree murder and possession of an instrument of crime ("PIC") for the April 8, 2006 shooting death of Devin Dunbar in Philadelphia.[1]  The trial court imposed a sentence of life imprisonment for first-degree murder and a consecutive one-to-two-year term of incarceration for PIC.  We affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on May 25, 2011. ***Commonwealth v. Grimsley***, 2 A.3d 1055 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 21 A.3d 1190 (Pa. 2011).

---

[1] Appellant's first trial ended in a mistrial when the jury deadlocked on the charge of first-degree murder.

Appellant filed a timely *pro se* PCRA petition in which he alleged that he was entitled to PCRA relief because trial counsel failed to visit him to prepare for trial; trial counsel failed to present an alibi defense; the trial prosecutor (hereinafter "prosecutor"), presented false testimony from Eric Barnes and failed to disclose Barnes's entire criminal record to the jury; Eric Barnes's testimony drastically changed from the first to the second trial; Officer Gary McNeil gave false testimony; trial counsel failed to question the medical examiner properly; the prosecutor committed misconduct when he repeatedly referred to the area of the incident as a heavy drug area; and trial counsel improperly gave the jury the impression that the prosecutor's theory of the case was correct. PCRA Petition (supplement), 5/2/12, at 7.

The PCRA court appointed counsel, who filed a ***Turner/Finley***[2] letter and corresponding motion to withdraw as counsel. The PCRA court issued its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and Appellant filed a *pro se* response. The court ultimately dismissed the PCRA petition without a hearing and granted counsel's motion to withdraw on March 21, 2014. A *pro se* appeal followed. We affirmed the denial of Appellant's PCRA petition, and our Supreme Court denied allowance of appeal. ***Commonwealth v. Grimsley***, 133 A.3d 69 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 131 A.3d 490 (Pa. 2016).

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On February 13, 2018, Appellant filed a *pro se* motion entitled "Newly-Discovered Evidence," in which he alleged that he had discovered new evidence in support of his earlier PCRA claims that the prosecutor engaged in prosecutorial misconduct by using Barnes's perjured testimony; failing to reveal Barnes's criminal history and then vouching for his credibility; violating the sequestration order by soliciting information from the victim's family members about Appellant's first trial; and making inflammatory remarks during the playing of a tape recording wherein he suggested that Appellant kidnapped an absent witness. PCRA Petition, 2/13/18, at 1-2. Appellant averred that he had recently learned of a January 5, 2018 newspaper article reporting that the prosecutor had been fired by the newly-elected District Attorney. **Id**. Appellant concluded his motion by asking for an evidentiary hearing so that District Attorney Larry Krasner could state his reasons for firing the prosecutor. **Id.**

On March 9, 2018, without ordering the Commonwealth to file an answer, the court properly construed Appellant's motion as a PCRA petition,[3] and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely. In its notice, the PCRA court found that Appellant "fail[ed] to

_____

[3] It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S. § 9542; **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa.Super. 2001) (noting a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition).

properly invoke an exception to the timeliness provision of the Post Conviction Relief Act." **See** Pa.R.Crim.P. 907 Notice, 3/9/18, at 1. In response, on March 27, 2018, Appellant filed a second motion, also entitled "Newly-Discovered Evidence." In this filing, Appellant asserted that he had uncovered more new evidence. He reiterated an earlier argument by eyewitness William Cooper that the Philadelphia police had coerced his identification by beating him up. Amended PCRA petition, 3/27/18, at 1. Appellant proffered that the name of Philadelphia Police Officer Michael Long appeared on a document released by Philadelphia's former district attorney as one of sixty-six officers facing allegations of misconduct, and whose names appeared on a "do not call list." Brief for Appellant, 12/17/18, at Exhibit C.[4]

On April 20, 2018, the PCRA court properly construed Appellant's second filing as an amendment to his PCRA petition and dismissed the petition as untimely, since Appellant still had not invoked an exception to the PCRA time bar. This *pro se* appeal followed.

Appellant presents two issues in his brief, which we reproduce as follows:

_____

[4] According to the article, the document listed sixty-six current and former Philadelphia police officers who were divided into three sections: (1) do not call as a witness in court unless approved by a high-ranking DA; (2) may use as witness but first inform the defense attorney of the officer's alleged misconduct; and (3) use without restriction, but be aware of the noted misconduct. The section of the article provided by Appellant does not specify under which section of the document Officer Long was listed.

1. Whether [the PCRA court] erroneously found petitions for newly[-]discovered evidence as untimely[.]

2. Did the [PCRA court] abuse [its] discretion by dismissing [A]ppellant's newly[-]discovered evidence without due process of law[.][5]

Appellant's brief at 3 (unnecessary capitalization omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa.Super. 2016).

In order for a petition to be timely under the PCRA, it must be filed within one year of the date that the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than five years after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA

---

[5] We will address Appellant's issues jointly, notwithstanding the fact that his argument section does not correspond to his statement of issues.

time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii),[6] we cannot address the claims he asserts therein. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) ("[N]either this Court nor the trial court has jurisdiction over [an untimely] petition").

When considering a claim seeking to invoke the newly-discovered fact exception, our Supreme Court requires that a petitioner establish that: "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection. **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007).

---

[6] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

First, Appellant asserts that he learned on January 8, 2018, that the prosecutor in his murder trial was just "fired for [d]ubious convictions and/or misconduct allegations." Appellant's brief, at 6-7, Exhibit B. Second, Appellant alleged that he recently discovered that Officer Long, who transported two of the eyewitnesses in his case, one of whom "accused Philadelphia police officers of beating him up from day one on the record," was placed on a "do not call" list in the district attorney's office. *Id* at 8. Furthermore, a March 19, 2018 news article indicated that Officer Long had been arrested, one year earlier, for animal cruelty. *Id*. at 8, Exhibit C. Appellant contends that he exercised due diligence, as he could not have discovered sooner the facts disclosed in the articles and that he presented them in PCRA petitions within sixty days of discovery.[7] *Id*. at 7, 9.

In its Rule 1925 opinion, the court observed that Appellant did not meet the newly-discovered fact exception, reasoning that Appellant did not adequately demonstrate any connection between the alleged newly-discovered facts and the underlying substantive issues raised, and failed to show due diligence. PCRA Court Opinion, 6/20/18, at 4-5. The

---

[7] Since the filing of Appellant's brief, § 9545(b)(2) has been amended to allow petitioners one year to present claims, in lieu of the previously-allotted sixty days.

Commonwealth agrees.[8]  We find that Appellant is not entitled to any relief, because he failed to show any connection between the underlying claims and his newly-discovered facts.[9]

We are mindful that our Supreme Court has previously admonished our Court for conducting merits-based assessments of an after-discovered evidence claim in the confines of a § 9545(b)(1)(ii) analysis.  *Bennett*, **supra** at 1271-72.  Herein, we analyze the nature of the underlying claim for the limited purpose of determining whether the newly-discovered facts alleged are based on information that is relevant to those claims and that could not have been discovered sooner through due diligence.  *Commonwealth v. Robinson*, 185 A.3d 1055, 1061-62 (Pa.Super. 2018); *Chmiel*, *supra*, at 626 n.7 (holding that because hair comparison analysis was used at Chmiel's

_____

[8] The Commonwealth was not given the opportunity to file an answer in the PCRA court.  On appeal, the Commonwealth proffers that the prosecutor was never fired and remains employed with the Philadelphia district attorney's office.  However, the PCRA court has not had the opportunity to assess the Commonwealth's factual allegation and it is not part of the certified record.  As such, we are unable to consider the Commonwealth's assertion herein.

[9] Although the PCRA court found waiver on the basis that Appellant had not adequately pled an exception to the PCRA time bar, we decline to do so here.  While the specific PCRA exception was not explicitly invoked, Appellant did assert the necessary requirements in his pleadings, since he contended that he had discovered a new fact; that he could not have discovered that fact sooner; he explained how it allegedly was connected to his case; and he filed his petition supposedly within sixty days of discovery.  Therefore, we decline to find waiver on the basis that the time bar exception was not specifically stated, and proceed to determine whether Appellant has met the newly-discovered fact exception.

trial, newly-discovered facts revealing that hair comparison analysis may be unreliable satisfied the exception); *Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa.Super. 2018) (discussing *Chmiel* and finding that "the majority of our Supreme Court believes that[,] while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two").[10]

Appellant fails to make even a tenuous link between one line in an article stating that "many of [the prosecutors let go] allegedly had dubious convictions and/or misconduct allegations" and his case. Appellant's Brief at Exhibit B. Appellant's assertion of newly-discovered facts is akin to the facts raised by the appellant in *Shannon*, *supra*. In his request for a new trial, Shannon purported that individuals involved with the prosecution of his case

_____

[10] The author of this memorandum has previously noted that the Supreme Court's approach to newly-discovered facts "gives every benefit of the doubt to the petitioner," since "the admonishment against a merits analysis of the underlying claim seems designed to prevent a preemptive finding that the newly-discovered facts are either not worthy of belief or would not, on balance, undermine the reliability of the verdict even if true." *See Commonwealth v. Robinson*, 185 A.3d 1055, 1065 n. 5 (Pa.Super. 2018). The Supreme Court has not embraced an approach to the analysis of newly-discovered facts that would explicitly allow us to assess the facts presented. *See Commonwealth v. Robinson*, 198 A.3d 340 (Pa. 2018) (evenly divided court). However, it would defy reason to altogether preclude the courts from considering the essence of the facts that the petitioner seeks to assert in determining whether the timeliness exception is met, because § 9545(b)(1)(ii) is intended to function as a gatekeeper. *See Commonwealth v. Cox*, 146 A.3d 221, 229 n.11 (Pa. 2016).

may have received "offensive" and "inappropriate" emails. ***Shannon***, ***supra*** at 1017 n.13. This information had been made public through a newspaper article. Our Superior Court found that appellant's claim failed to meet the newly-discovered facts exception since, even if he could tie individuals who received emails to his case, he had not established any connection between the improper emails and his case. ***Id***. Therein, we reviewed previous cases involving newly-discovered facts and noted that "no case . . . even [came] close to the tenuous connection [a]ppellant [was] asserting." ***Id***. at n.15.

Appellant baldly asserts that the newspaper article establishes the "fact" that the prosecutor in his case committed misconduct. Appellant's brief at Exhibit B. However, as in ***Shannon***, the newspaper article upon which Appellant relies does not establish that the prosecutor engaged in misconduct, let alone that he did so in Appellant's case.[11]

---

[11] Additionally, Appellant has failed to show that this fact was unknown to him or that he acted with due diligence. The focus of this exception is "on [the] newly[-]discovered facts, not on a newly[-]discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 721-22 (Pa. 2008). As the PCRA court observed, Appellant previously raised allegations of prosecutorial misconduct in a timely PCRA petition that was considered and denied on its merits. PCRA Court Opinion, 6/20/18, at 5. A newspaper article containing information that the prosecutor was allegedly fired five years later is not a new fact upon which his claim of prosecutorial misconduct was predicated. Discovering a new conduit for previously litigated prosecutorial misconduct allegations does not transform Appellant's otherwise untimely claim into a timely one. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1264, 1269 (Pa. 2007).

Similarly, an article reporting that Officer Long was arrested for animal cruelty in March of 2017 has no bearing on Appellant's claim that the police coerced an eyewitness to identify him. On April 8, 2006, Officer Long provided transportation for William Cooper and one other eyewitness from the crime scene to the homicide unit, and then took Cooper back home after his interview was concluded. N.T. Trial, 10/10/07, at 25, 27-29, 31. Appellant contends that the newly-discovered fact, that Officer Long was arrested over ten years later for animal cruelty, is somehow relevant to eyewitness Cooper's prior allegations of police coercion. Appellant's brief at 8. While a direct connection is not needed, Appellant must show "some relationship" between his underlying claim and the newly-discovered fact. **Shannon**, **supra**. Again, Appellant has provided none and no connection is apparent from a review of the record. This deficiency is fatal.

Accordingly, we conclude that Appellant has not alleged nor offered to prove a newly-discovered fact upon which to circumvent the PCRA time bar. 42 Pa.C.S. § 9545(b)(1)(ii). As such, his petition is untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/19

- 11 -