J-A02013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES STEVEN KNIGHT | : | |
| | : | |
| Appellant | : | No. 580 WDA 2020 |

Appeal from the PCRA Order Entered May 18, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000181-2012

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 29, 2021**

James Steven Knight appeals *pro se* from the dismissal of his fourth Post Conviction Relief Act ("PCRA") petition as untimely.  We affirm.

On August 16, 2012, Appellant pled guilty to third-degree murder after beating his girlfriend's nineteen-month-old son to death.  The trial court sentenced Appellant to an aggregate term of fifteen to thirty-five years of incarceration and ordered him to pay costs and $6,461.00 in restitution.[1] Appellant filed a direct appeal challenging the discretionary aspects of his sentence.  We affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal.  ***Commonwealth v. Knight***, 87 A.3d 872 (Pa.Super. 2013) (unpublished memorandum), *appeal denied,* 89 A.3d 1283

_____

[1] Appellant's maximum sentence was reduced from forty to thirty-five years after the trial court granted Appellant's post-sentence motion for reconsideration of his sentence.

(Pa. 2014). Appellant's judgment of sentence became final on July 21, 2014. **See** 42 Pa.C.S. § 9545(b)(3).

Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed a **Turner**/**Finley**[2] no-merit letter, representing to the PCRA court that the claims challenging the validity of the plea and the calculation of the prior record score lacked merit. The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing after it found all of Appellant's claims meritless. The PCRA court denied the petition and granted counsel's petition to withdraw. Appellant attempted to appeal *pro se*, but the appeal was dismissed when he failed to pay the processing fee and his request to proceed *in forma pauperis* ("IFP") was denied.

In 2016, Appellant filed a second *pro se* PCRA petition, pleading error in the denial of his IFP petition which allegedly amounted to an improper obstruction by government officials. After providing Rule 907 notice, the PCRA court dismissed the petition as untimely, since Appellant did not raise his claim within sixty days of notification that his IFP petition had been denied. We affirmed the denial of the untimely PCRA petition. **Commonwealth v. Knight**, 168 A.3d 360 (Pa.Super. 2017) (unpublished memorandum).

In 2018, Appellant filed a petition for writ of *habeas corpus*, which the lower court interpreted as his third *pro se* PCRA petition. Therein, Appellant again challenged the alleged incorrect calculation of his prior record score.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 926 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

After issuing Rule 907 notice of its intent to dismiss the petition without a hearing, the PCRA court dismissed the petition as untimely and previously litigated. No appeal followed.

On October 11, 2019, Appellant filed a *pro se* application seeking modification of his sentence, due to the trial court's failure to conduct an ability-to-pay hearing before imposing costs at sentencing. Since Appellant argued that his sentence was illegal, the PCRA court treated the filing as a PCRA petition and issued Rule 907 notice of its intent to dismiss Appellant's fourth PCRA petition without a hearing. Since Appellant had not pled an exception to the PCRA time bar, the court dismissed the petition as untimely. This appeal followed.

Appellant raises the following issue for our review: "[Are] Appellant's allegations that the Court of Common Pleas failed to perform a payment determination hearing at the time of sentencing pursuant to 42 Pa.C.S. § 9726(c), effectively before the [l]ower [c]ourt as a non-waivable challenge to the legality of his criminal sentence and as such, a claim that [in itself] permits review under the purview of [the] PCRA *sua sponte*?" Appellant's brief at 4.

Appellant claims that the PCRA court erred when it construed his motion as a PCRA petition, thus, dismissing it as untimely. Instead, Appellant alleges that he has raised a non-waivable challenge to the legality of his sentence which the lower court should have considered on its merits. ***Id***. at 6. We disagree.

- 3 -

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). Therefore, a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578 (Pa.Super. 2001). Stated differently, a defendant cannot escape the PCRA time-bar by simply altering the title of his petition or motion. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013). Therefore, a motion filed after the finality of sentence that raises an issue that can be addressed under the PCRA is to be treated as a PCRA petition. *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa.Super. 2007). Appellant's claim that his sentence is illegal is cognizable under the PCRA. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging legality of sentence are subject to review within the PCRA, but must first satisfy PCRA's time limits). Accordingly, Appellant's filing must be treated as a PCRA petition. *See Taylor*, *supra* at 467-68.

A petition for relief under the PCRA petition must be filed within one year of the date that the PCRA petitioner's judgment of sentence becomes final, unless the petitioner alleges and proves an exception to the one-year time-bar. *See* 42 Pa.C.S. § 9545(b). Appellant's petition is facially untimely and he did not allege below or in this appeal any exceptions to the time-bar. Therefore, the PCRA court did not err when it found that his petition was untimely filed. *See*, *e.g.*, *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014) ([A]lthough not technically waivable, a legality of sentence

claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." (cleaned up)).   Since the PCRA court correctly determined that it was without jurisdiction to reach the merits of the petition, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2021