J-S11015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY LEO SPRIGGS | : | |
| | : | |
| Appellant | : | No. 980 WDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001878-2015

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: June 6, 2022**

Stanley Leo Spriggs appeals from the Cambria County Court of Common Pleas' order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. In his single claim on appeal, Spriggs argues the PCRA court erred by concluding trial counsel was not ineffective for failing to object to the trial court's instructions regarding second-degree murder. In response, the Commonwealth argues this Court is without jurisdiction to reach the merits of this issue as Spriggs did not file a timely PCRA petition. We agree, as we conclude the PCRA court improperly treated Spriggs's application for emergency relief as a timely-filed PCRA

petition. We therefore affirm the PCRA court's order dismissing Spriggs's PCRA petition, albeit on the basis that it was untimely.[1]

The timeliness of a PCRA petition is a question of law and therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014). We note at the outset that the timeliness requirements of a PCRA petition are jurisdictional in nature and may not be disregarded in order to address the merits of a petition. **See Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). The PCRA requires a petition to be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa. C.S.A. § 9545(b)(1). For purposes of the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). In order to obtain merit review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must plead and prove one of the three timeliness exceptions set forth by the PCRA. **See** 42 Pa.C.S.A. § 9545 (b)(1)(i) -(iii).

The procedural history of the instant case establishes that Spriggs's underlying judgment of sentence for several offenses, including second-

---

[1] **See Commonwealth v. Cramer,** 195 A.3d 594, 607 n.5 (Pa. Super. 2018) (noting this Court may affirm the lower court's decision on any basis).

degree murder, became final on June 24, 2019. The trial court sentenced Spriggs to, *inter alia*, life in prison on May 1, 2017, and this Court affirmed the judgment of sentence on direct appeal. Spriggs filed a petition for allowance of appeal to our Supreme Court, which the Court denied on March 26, 2019. Spriggs did not appeal from that denial, and his judgment of sentence therefore became final on June 24, 2019, or 90 days after our Supreme Court denied allocatur and the time to seek review from the United States Supreme Court had expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Accordingly, Spriggs had to file his PCRA petition one year from that date, or by June 24, 2020, in order for the petition to be deemed timely.

Just a few days before that deadline, on June 17, 2020, Spriggs filed a *pro se* "Application for Extraordinary Relief." In that application, Spriggs acknowledged our Supreme Court had denied his petition for allowance of appeal on March 26, 2019, and his judgment of sentence therefore became final on, according to Spriggs, June 27, 2019.[2] Spriggs recognized that for a PCRA petition to be timely, he would have to file the petition by June 27, 2020. However, Spriggs asked the PCRA court to "extend the statutory filing timeline of [his PCRA] petition for 60 days" because of law library restrictions that had been placed on him as a prisoner at S.C.I. Rockview due to Covid-19. Application for Extraordinary Relief, 6/17/20, at 4.

---

[2] As noted above, the correct date is June 24, not June 27, of 2019. However, even if we were to use Spriggs's proffered date, it would not alter our analysis.

The Commonwealth filed a response, arguing that the application should be denied because the PCRA's time restrictions are jurisdictional in nature and cannot be extended by equitable tolling. ***See Commonwealth v. Ali,*** 86 A.3d 173, 177 (Pa. 2014) (stating that the period for filing a PCRA petition is not subject to equitable tolling). The Commonwealth acknowledged that in response to Covid-19, the Supreme Court had extended filing deadlines for filings due between March 19, 2020 and May 8, 2020, but those extensions did not apply to Spriggs's PCRA petition because that petition was not due until June 24, 2020. The Commonwealth argued that in order to have the merits of a PCRA petition considered, Spriggs would have to file the petition by June 24, 2020, or plead and prove that one of the three statutory timeliness exceptions to the PCRA time-bar applied to his case, which Spriggs had not done. ***See id.*** (stating that the time for filing a PCRA petition can only be extended by operation of one of the three statutorily enumerated exceptions to the PCRA's time-bar).

The PCRA court agreed with the Commonwealth, and denied the application in a June 22, 2020 order on the basis that "the Commonwealth has correctly noted that … the [PCRA] does not permit equitable tolling [citing ***id.***]." Order, 6/22/20 (single page). Despite this order, Spriggs filed a *pro se* PCRA petition on July 1, 2020. The following day, on July 2, 2020, Spriggs filed a request for reconsideration of the PCRA court's June 22, 2020 order. In that request for reconsideration, Spriggs advocated that the PCRA court

should treat his application for extraordinary relief as a timely-filed PCRA petition.

The PCRA court granted Spriggs's request for reconsideration "to the extent that the Court will treat [Spriggs's] prior *pro se* filing entitled 'Application for Extraordinary Relief' as a [PCRA] Petition." Order, 7/13/2020, at 1(unpaginated). The PCRA court's order also appointed PCRA counsel. Counsel filed an amended PCRA petition, followed by a supplemental PCRA petition on September 25, 2020.

The court held hearings on the petition on March 8, 2021, and June 7, 2021. Following the hearings, the court directed the parties to file briefs. In its brief, the Commonwealth challenged the PCRA court's jurisdiction to even hear the merits of the PCRA petition as the petition had, according to the Commonwealth, been untimely filed. Spriggs disputed this contention, arguing that the PCRA court had properly treated his application for extraordinary relief as a timely-filed PCRA petition.

The PCRA court found it had jurisdiction to address the merits of the PCRA petition. In doing so, the PCRA court did not dispute that Spriggs only had until June 24, 2020 to file a PCRA petition. However, the court concluded that it would not find Spriggs's July 1, 2020 PCRA petition untimely on the grounds that Spriggs had filed a *pro se* application for extraordinary relief on June 17, 2020 and before the one-year statutory deadline, and that the Covid-19 pandemic, although only "tangentially impact[ing]" Spriggs's rights, had

limited the courts' ability to function at full capacity. Trial Court Opinion, 7/28/2, at 3-4. The court proceeded to the merits of Spriggs's ineffectiveness claims, including his claim that counsel had been ineffective for failing to object to the court's instruction on second-degree murder, and found they lacked merit. It therefore issued an order denying the PCRA petition.

Spriggs filed a timely notice of appeal. In his brief, Spriggs raises a single ineffectiveness claim but does not address the timeliness of his petition in any way. The Commonwealth, however, argues that Spriggs did not file a timely PCRA petition, and therefore this Court is without jurisdiction to consider the merits of the substantive claim raised by Spriggs. The Commonwealth asserts the PCRA court erred by construing Spriggs's application for emergency relief to have actually been a timely-filed PCRA petition. We agree.

Our Court has repeatedly stated that any petition filed after a petitioner's judgment of sentence becomes final will be treated as a PCRA petition. **See, e.g., Commonwealth v. Jackson,** 30 A.3d 516, 521 (Pa. Super. 2011). However, this is only true if the filing raises any sort of claim that is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2); **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) (holding that any filing which requests relief outside the PCRA will not be treated as a PCRA petition). Our Court has explained:

> [A]ny collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition.

However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether [the] petitioner had an available remedy under the PCRA.

*Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) (citations omitted).

In answering that question here, it is clear that Spriggs's application for emergency relief did not raise a claim for which the PCRA provides a remedy. *See* 42 Pa.C.S.A. § 9543(a)(2). Spriggs did not raise any substantive claims in his application, including any challenges to his conviction or the legality of his sentence. *See* 42 Pa.C.S.A. § 9542 (explaining the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief"). Instead, Spriggs's application merely requested additional time to file a PCRA petition beyond the one-year deadline mandated by the PCRA. That request was based on circumstances which Spriggs alleged prevented him from meeting the PCRA's time-bar, and not on any of the three statutory exceptions to that time-bar. This is simply not a remedy that any court can provide. *See Ali*, 86 A.3d at 177; *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa. Super. 2019) (citation omitted) (stating that the PCRA's time limitations are mandatory and "a court has no authority to extend filing periods except as the statute permits"). As the PCRA does not offer a remedy for Spriggs's application's request to extend the PCRA's timeliness requirements for equitable reasons, the PCRA court erred by construing that application as a PCRA petition.

We therefore turn to the timeliness of Spriggs's first substantive PCRA petition, which he filed on July 1, 2020. As the petition was filed after the June 24, 2020 deadline, the PCRA is clear that the petition is facially untimely. Spriggs does not make any allegation to this Court that one of the three statutory exceptions to the time-bar applies to his case. Accordingly, Spriggs's PCRA petition was untimely filed, leaving the PCRA court without jurisdiction to address Spriggs's substantive claims. Nonetheless, because the PCRA court found Spriggs's substantive claims to be without merit, and consequently denied his petition, we affirm the PCRA court's order denying relief. *See Cramer,* 195 A.3d 607 n.5.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/6/2022