J-S22024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

RUDOLPH WOODSON

Appellant

: IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 2958 EDA 2025

Appeal from the PCRA Order Entered October 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003786-2014

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:               **FILED JUNE 23, 2026**

Rudolph Woodson ("Woodson") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the relevant factual and procedural background of this matter as follows:

> [I]n . . . 2014, [Woodson] was arrested for attempted murder, aggravated assault, possession of an instrument of crime . . ., simple assault, and recklessly endangering another person. On March 19, 2015, the court found [Woodson] guilty of attempted murder and related offenses [following a waiver trial. On July 20, 2015, the court imposed an aggregate sentence of eighteen and one-half to forty-seven] years [of] incarceration. [Woodson] appealed, claiming *inter alia* that his sentence for attempted murder was illegal because he was not given notice of the serious bodily injury enhancement [in the criminal complaint]. ***Commonwealth v. Woodson***[, 181 A.3d 1271 (Pa. Super. 2017) (unpublished memorandum)]. On December 27, 2017, the

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Superior Court affirmed[, holding that "Woodson had notice that the Commonwealth alleged the attempted murder caused serious bodily injury. The information charged 'Murder — Criminal Attempt,' without mention of a statutory maximum or that the attempt resulted in serious bodily injury. However, although the criminal complaint does not use the term 'serious bodily injury,' it did allege that Woodson 'attempted to kill [Victim] by producing a knife and stabbing her multiple times on the face, head and upper torso, ***thereby causing [Victim] injury requiring medical attention***.' Criminal Compl[aint], 1/25/14. Further, as noted above, Woodson was aware that the statutory maximum applicable to the attempted-murder conviction was 40 years' imprisonment, which is only the maximum if the attempted murder caused serious bodily injury"]. ***Id***. [(unpublished memorandum at *14) (emphasis in original).]

[I]n . . . 2019, [Woodson] filed his initial *pro se* PCRA petition, and the court appointed . . . PCRA counsel[, who filed an amended petition]. In th[e amended] PCRA petition, [Woodson] again raised [a claim] that "the Commonwealth did not charge that serious bodily injury resulted from the attempted murder." Amended PCRA [Petition,] 12/20/[]19, at 1. [T]he [PCRA] court held an evidentiary hearing. On May 7, 2021, the PCRA court dismissed [Woodson's amended] PCRA [petition]. [Woodson] did not appeal th[e] dismissal [order].

[I]n 2022, [Woodson] filed his second PCRA petition. In this petition, [he] again raised [a claim] that "the Commonwealth did not give notice that it s[ought] to prove serious bodily injury, making this sentence illegal[.]" PCRA [Petition, 4/26/22], at 13. [T]he [PCRA] court sent [Woodson] a [Pa.R.Crim.P.] 907-notice [of the court's intent to dismiss the petition without a hearing] stating all of his claims are meritless. On December 14, 2023, the [PCRA] court dismissed [Woodson's] second PCRA [petition without a hearing]. [Woodson] filed [a timely] notice of appeal. On February 18, 2025, the Superior Court affirmed. [***See***] ***Commonwealth v. Woodson***[, 335 A.3d 339 (Pa. Super. 2025) (unpublished memorandum) (concluding that the PCRA court lacked jurisdiction to consider the merits of Woodson's petition because it was untimely filed and he did not plead or prove any exception to the PCRA's time bar].

On March 19, 2025, [Woodson] filed the instant ["Motion to Open and Vacate Order/Sentence Pursuant to 42 Pa.C.S.[A.] §§

5505 and to Proceed *Pro Se*"] which the court construed as [his third] PCRA petition. . . . In this petition, [Woodson] argues that the Commonwealth committed fraud by "not giv[ing] fair notice that it s[ought] to prove serious bodily injury." Motion[,] 3/19/[]25, at 4 (unpaginated). [The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing. Woodson filed a response to the notice.] On October 30, 2025, the [PCRA] court determined that [Woodson's] claims were both untimely and previously litigated[,] and dismissed his third PCRA [petition].

[Woodson] timely filed a notice of appeal. [T]he [PCRA] court ordered [him] to file [a Pa.R.A.P. 1925(b)] concise statement . . .. [Woodson] timely filed his statement . . .. [The PCRA court then authored an opinion pursuant to Rule 1925(a).]

PCRA Court Opinion, 1/12/26, at 1-3 (unnecessary capitalization omitted).

Woodson raises the following issues for our review:

1. Does the Statutory Construction Act dictates [*sic*] that judicial interpretation overpowers legislative intent?

2. Does fraud upon the court trigger inherent power of the court when conviction sentence was procured by it?

Woodson's Brief at 4 (unnecessary capitalization omitted).

Initially, we address Woodson's overarching contention that the PCRA court should not have treated his motion as an untimely third PCRA petition. It is well settled that when an action is cognizable under the PCRA, the PCRA is intended to be the sole means of achieving post-conviction relief. ***See*** 42 Pa.C.S.A. § 9542 (stating that the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose"); ***see also Commonwealth v. Haun***, 32 A.3d 697 (Pa. 2011). A collateral petition that raises an issue that the PCRA

statute could remedy is to be considered a PCRA petition. ***See Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001). Importantly, the PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. Accordingly, as a claim that a sentence is illegal is cognizable under the PCRA, a defendant's post-conviction motion to correct an illegal sentence is properly treated as a PCRA petition. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011).

Here, as the post-conviction motion filed by Woodson asserted that his sentence is illegal because the Commonwealth failed to indicate in the criminal information that it intended to seek a sentencing enhancement for serious bodily injury, the PCRA court properly treated the motion as Woodson's third PCRA petition because the sole illegal sentencing claim asserted therein is cognizable under the PCRA. ***See Deaner***, 779 A.2d at 580; ***see also Jackson***, 30 A.3d at 521; 42 Pa.C.S.A. § 9542.[2] Accordingly, we will proceed

---

[2] We note that Woodson attempts to circumvent the application of the PCRA to his motion by arguing that the lower court retained the inherent jurisdiction to correct his allegedly illegal sentence pursuant to 42 Pa.C.S.A. § 5505 (providing that a trial court "may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed"); ***see also Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007) (holding that there is a "limited class of cases amendable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction," and that that this inherent jurisdiction would apply in the absence of jurisdiction under section 5505 because the statute "was never intended to
*(Footnote Continued Next Page)*

to review the propriety of the PCRA court's decision to dismiss Woodson's third PCRA petition.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the

---

eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees"). However, this Court has ruled that the limited jurisdictional exception under in section 5055 does not provide an alternate remedy for collateral relief that sidesteps the jurisdictional timeliness requirements of the PCRA. *See Jackson*, 30 A.3d at 523 (holding that "a PCRA court cannot invoke inherent jurisdiction [under section 5505] to correct orders, judgments and decrees, even if the error is patent and obvious"). Thus, Woodson's argument in this regard is unavailing.

Supreme Court of Pennsylvania, or the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, the trial court imposed Woodson's judgment of sentence on July 20, 2015. This Court affirmed the judgment of sentence on December 27, 2017, and Woodson did not seek further review by the Supreme Court of Pennsylvania. Accordingly, because Woodson did not seek further review in the Supreme Court of Pennsylvania, his judgment of sentence became final thirty days later, on January 26, 2018. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Thus, Woodson had one year from that date, until January 26, 2019, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As Woodson filed the instant petition on March 19, 2025, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Further, it is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, [these] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Consequently, an "[a]ppellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence." *Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa. Super. 2017).

Finally, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if: (1) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the

merits of the issue; or (2) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Id*. § 9544(a)(2), (3).

Here, in his third petition, Woodson raised the same claim that he previously raised in his direct appeal and in his prior PCRA petitions, namely, that his sentence is illegal because the Commonwealth failed to indicate in the criminal information that it would be seeking to prove that Woodson caused serious bodily injury to the victim. *See* Third PCRA Petition, 3/19/25, at unnumbered 4. Notably, Woodson did not acknowledge the untimeliness of his third petition, nor did he plead the application of any timeliness exception therein. *See id*. at 1-6.

The PCRA court dismissed Woodson's third petition following its conclusion that, *inter alia*, it was untimely, and he failed to plead or prove the application of any timeliness exception. *See* PCRA Court Opinion, 1/12/26, at 6-8. The PCRA court additionally noted that this Court previously addressed the very issue that Woodson now seeks to raise, and determined that Woodson received proper notice regarding the Commonwealths intent to seek the sentencing enhancement for serious bodily injury. *See id*. at 6.

After careful review of the record in the light most favorable to the Commonwealth as the prevailing party, we conclude that the PCRA court's dismissal order is supported by the evidence of record and free from legal error. As explained above, a claim challenging the legality of a sentence is always subject to review under the PCRA; however, such a claim must still

satisfy the PCRA's time limits or one of the exceptions thereto. ***See Fahy***, 737 A.2d at 223; ***see also Woods***, 179 A.3d at 43. Here, Woodson's third petition is untimely, and he failed to plead or prove any exception to the PCRA's one-year time bar. Consequently, neither this Court nor the PCRA court have jurisdiction to consider the merits of his issues. ***See Commonwealth v. Cox***, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] . . . raised therein"); ***see also Fahy***, 737 A.2d at 223.

Moreover, even if Woodson had been able to overcome the untimeliness of his third petition, the sole issue he raised is ineligible for PCRA relief because it was previously litigated when this Court on direct appeal ruled that Woodson received proper notice regarding the Commonwealths intent to seek the sentencing enhancement for serious bodily injury. ***See Woodson***, 181 A.3d 1271 (unpublished memorandum at *14) (holding that "Woodson had notice that the Commonwealth alleged the attempted murder caused serious bodily injury"); ***see also*** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(2), (3). Thus, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/23/2026</u>